People v Batista (2015 NY Slip Op 06037)





People v Batista


2015 NY Slip Op 06037


Decided on July 9, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2015

Mazzarelli, J.P., Sweeny, Saxe, Richter, Manzanet-Daniels, JJ.


4230/07 15690A 3650/08 15690

[*1] The People of the State of New York, Respondent,
v
Juan Batista, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Steven R. Berko of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgments, Supreme Court, New York County (Robert M. Stolz, J.), rendered October 29, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of 18 years, unanimously affirmed.
For the reasons stated in People v Tate (__ AD3d __ [1st Dept 2015], [decided simultaneously herewith]), we find that defendant failed to preserve his claim that the court was required to provide the public with notice of an impending hearing on the closure of the courtroom during an undercover officer's testimony, and we decline to review it in the interest of justice, and we also find that defendant lacks standing to assert such a claim.
We find no violation of defendant's right to a public trial. The court providently exercised its discretion in ruling that the relatives identified by defendant should be excluded from the courtroom based on their residence in or near areas in which the testifying undercover officers were conducting ongoing investigations (see People v Campbell, 16 NY3d 756 [2011]; People v Alvarez, 51 AD3d 167, 175 [1st Dept 2008], lv denied 11 NY3d 785 [2008]).
We have considered defendant's remaining contentions and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2015
CLERK